UNITED STATES of America,
Plaintiff-Appellant,

v.

Larry E. WILLIAMS and Roy W.
Williams, Defendants-Appellees.

No. 73–1633.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 10, 1973.

Decided Feb. 11, 1974.

Stanley B. Miller, U. S. Atty., Indianapolis, Ind., Edward R. Korman, Crim. Div., App. Section, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Ronald S. Lieber, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

PER CURIAM.

A Grand Jury charged that Appellees Larry E. Williams and Roy M. Williams did, on or about the 18th day of May, 1972, forcibly assault an employee of the Postal Service, while said employee was engaged in the performance of his official duties, in violation of 18 U.S.C. §§ 111 and 1114 (1970). Although this fact was not disclosed in the indictment, the government stipulated that appellees, as well as the victim of the assault, were employed by the Postal Service at the time of the incident. They therefore moved to dismiss the indictment upon the ground that, since Congress recognized an administrative procedure to govern in-service assaults, § 111 should be construed not to apply to in-service assaults. Relying upon its own previous unpublished order in another case, the district court granted the motion. This appeal presents two questions: (1) whether the order is appealable under our *en banc* decision in United States v. Ponto, 454 F.2d 657 (1971); and (2) if it is, whether the district court's construction of the statute was correct.

I.

■ Appellees contend that the order of the district court dismissing the indictment was an acquittal because the court relied on facts not set forth in the indictment. Accordingly, they argue, under the rationale of *Ponto*, the Double Jeopardy Clause of the Fifth Amendment forecloses appeal. The government asks us to overrule *Ponto*.[1] We need not

1. An Assistant to the Solicitor General, on behalf of the United States, argues that the estoppel rationale of the concurring opinion

in *Ponto* is no longer viable in view of the subsequent decision by the Supreme Court in United States v. Marion, 404 U.S. 307, 92

consider the present viability of *Ponto* in this case, however, since the order which is before us is clearly appealable under the rationale of our recent decision in United States v. Walker, 489 F. 2d 1353 (7 Cir., 1973).[2]

## II.

Appellees were indicted under 18 U.S.C. § 111 (1970), which provides in part:

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

Section 1114 places "any officer or employee of the Postal Service" among the class of public employees Congress was trying to protect.

■ Although these sections do not contain an explicit exception for assaults committed by fellow employees, appellees argue that the district court correctly

implied one. In 1968 Congress enacted Public Law 90–449.[3] Section 1 of this act, which became 39 U.S.C. § 3108 (Supp. V, 1969), recognized an administrative procedure to govern in-service assaults.[4] Section 2 broadened the coverage of § 1114 to all postal employees, thereby bringing them within the protective ambit of § 111. Appellees contend that, by enacting § 3108, Congress evidenced an intent to treat in-service assaults specially.[5] This intent was further evidenced by including § 3108 in the same legislation which broadened § 1114. We reject this contention.

■ If § 3108 had been intended to justify or create an exception from the plain language of § 111, surely Congress would have said so. It is entirely consistent for Congress specifically to empower the Postmaster-General to take disciplinary action, such as suspension, demotion, or removal from duty, against a postal employee who assaults another, and also to make such an employee criminally liable, along with all others who assault postal employees. Indeed, the meaning for which appellees contend

---

S.Ct. 455, 30 L.Ed.2d 468, that a majority of our *en banc* court did not subscribe to the double jeopardy reasoning (of the nine judges who participated, four dissented, two concurred separately, and three subscribed to the principal opinion without reservation), and that in any event the double jeopardy holding was erroneous.

2. *Walker* emphasized that the *"Ponto* 'acquittal' rationale is inapplicable" to cases in which the district court's decision is predicated only upon "the sufficency of the government's charge." (489 F.2d at 1355.) In that case, the district court had decided that the defendant's conduct was not that contemplated by 18 U.S.C. App. § 1202(a); in this case, the district court, similarly, did no more than decide that 18 U.S.C. §§ 111 and 1114 (1970) did not apply to appellees' activity. "It is clear that a dismissal based on a determination of the sufficiency of the charge . . . is subject to appellate review. *See* United States v. Fruehauf, 365 U.S. 146, 157–158, 81 S.Ct. 547, 5 L.Ed.2d 476." (*Walker, supra,* at 1356.)

3. Act of August 2, 1968, Pub.L.No. 90–449, §§ 1–3, 82 Stat. 611.

4. 39 U.S.C. § 3108 (Supp. V, 1969) provided: "The Postmaster General may take appropriate disciplinary action, including, when circumstances warrant, suspension from duty without pay, reduction in pay, demotion, or removal from the service, against any employee who forcibly assaults any other employee while such other employee is engaged in the performance of his official duties or on account of the performance by such other employee of his official duties."

5. In 1970 Congress substantially revised Title 39 of the Code. Section 3108, while not reenacted, was permitted to remain in force as a Postal Service regulation so long as the Service desired. Act of August 12, 1970, Pub.L.No.91–375, § 5(f), 84 Stat. 719, 775. The basic authority recognized by § 3108 was incorporated in 39 U.S.C. § 1001 (1970). *See* 39 U.S.C. Tables I & II (1970). In our opinion, the subsequent changes in § 3108 do not foreclose appellees' argument. The crucial inquiry is still whether Congress, by enacting Public Law 90–449, intended to treat in-service assaults specially. If Congress did, it cannot be said that these changes imply a new intent to include such assaults within §§ 111 & 1114.

would be illogical, for it would make it a criminal offense to assault a postal official only if the assailant were not also a postal employee. Absent a clear expression of congressional intent, we are not inclined to construe a statute to yield such an anomalous result.

Moreover, there is affirmative evidence that Congress did not intend to exclude postal employees from the operation of § 111. The sponsor in the Senate of the bill which became Public Law 90–449, Senator Hartke, stated that § 2 of the bill, which added all postal employees to § 1114, "would make assaults a federal offense if any employee in the postal field service is assaulted during the performance of his official duties, whether by another employee or the general public." [6]

We therefore hold that the indictment correctly stated an offense. The judgment is reversed and the cause is remanded for further proceedings.

---

6. Hearings on H.R.15387 Before the Subcomm. on Postal Affairs of the Senate Comm. on Post Office and Civil Service, 90th Cong., 2nd Sess. 1 (1968).